GLADNEY, Judge.
Gerald D. Ruthardt and Jerry L. Dennis instituted this suit against James R. Ten-nant as the result of a collision between an automobile owned by Dennis but driven by Ruthardt, and an automobile owned and operated by James R. Tennant. The collision occurred on the night of October 8, 1963 on East Texas Street in Bossier City, Louisiana. The defendant has appealed from a judgment in favor of Gerald D. Ruthardt for expenses of $131.00 and in favor of Jerry L. Dennis for property damage amounting to $1,125.00.
Most of the salient facts are uncontro-verted. Just prior to the collision Tennant, who was proceeding eastward along East Texas Street, executed a left turn for the purpose of stopping at the J. & J. Lounge situated on the north side of said thoroughfare. In doing so Tennant operated his car across a raised divider separating the lanes for east and westbound traffic, an act legally sanctioned by the law enforcement officers of Bossier City. Ruthardt, driving the Chevrolet automobile of Dennis in the outside westbound lane, was traveling at a speed which he testified was from 50 to 60 miles per hour. The two vehicles collided in the westbound traffic lane and as a result the automobile of Dennis was a total loss and Ruthardt received minor physical injuries.
Plaintiffs charge the defendant with negligence in attempting a left-turning maneuver without giving proper signal, and in failing to yield the right of way. The defendant denied that he was guilty of actionable negligence and asserted the accident was solely caused by the negligence of Rut-hardt in driving in excess of the rate of speed fixed by ordinance at 45 miles per hour, and by failing to make proper observation. Contributory negligence is specially plead and defendant further invokes the doctrine of last clear chance, but our decision herein makes it unnecessary to give consideration to these defenses.
The only witness who testified that he witnessed the collision was Ruthardt, the driver of the Dennis vehicle. Tennant did not testify, and only one witness, John Bailey, was called on behalf of the defendant. Ruthardt testified that he was traveling in the outside westbound lane and as he neared the J. & J. Lounge, the car driven by Tennant, suddenly executed a left turn directly in front of his vehicle, whereupon he applied his brakes but was unable to avoid the collision which followed. John Bailey testified that a short time prior to the accident he was traveling west on East Texas Street and was approximately 1000 yards east of the J. & J. Lounge when he observed the commence *391 ment of a race between two automobiles in which the car driven by Ruthardt was involved. He expressed the opinion that the two cars reached a speed of from 90 to 100 miles per hour, but this evidence appears to have little probative value due to distance from the actual scene of the accident and the elapse of time. The investigating officer testified to skid marks 135 feet in length made by the tires of the Ruthardt driven vehicle. At the time of the accident driving conditions were normal. The destructive effect of the collision and the length of the skid marks strongly indicate Ruthardt was driving at a speed greatly in excess of 45 miles per hour. Had he been operating the car at the legal rate of speed it could have been stopped within 117 feet after application of the brakes, and the collision would not have occurred. See Am.Jur.2d Desk Book, Doc. No. 176, Uniform Table of Driver Stopping Distances. We hold that such an unreasonable rate of speed was the sole proximate cause of the accident.
For the foregoing reasons as hereinabove set forth the judgment from which appealed is annulled, set aside and reversed and it is ordered that plaintiffs’ demands be rejected at their cost.